UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KANIKA COVERT, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:21-cv-00202 |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Cellco Partnership, doing business as Verizon Wireless ("Verizon"), terminated Kanika Covert in November 2017. Ms. Covert sued Verizon under Title VII of the Civil Rights Act of 1964, pleading sexual harassment, discrimination, and hostile work environment claims. Verizon filed a Motion for Summary Judgment, which is now before the Court. (Doc. No. 13). The motion argues Ms. Covert's claims are time-barred because she submitted her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") thirteen days late.

Ms. Covert admits she missed her deadline, but she asks the Court to forgive her late submission based on the doctrine of equitable tolling. Under that doctrine, a statute of limitations will not bar an untimely claim if the unique circumstances of the case support leniency. Ms. Covert argues she made diligent attempts to promptly file her EEOC charge beginning the day after Verizon terminated her. She says she only missed her deadline because the EEOC lost her initial intake inquiry, did not respond to her follow-up calls and emails, and delayed her investigatory interview until after her deadline, even though she asked for one long before the deadline.

The Court finds equitable tolling is appropriate in this case. The Court will deny Verizon's motion for summary judgment.

1

## I. BACKGROUND

### A. Ms. Covert's Employment History

Verizon hired Ms. Covert in June 2014. (Doc. No. 1-1 ¶ 5). She became a "top salesperson" and never had "any disciplinary problems." (Id.). In October 2017, Verizon appointed Dexter Bruce as the general manager of the store in which Ms. Covert worked. (Id. ¶ 6). According to Ms. Covert, Mr. Bruce repeatedly made inappropriate sexual advances toward her after he assumed the managerial position. (Id.). Ms. Covert rejected Mr. Bruce's advances. (Id.). Verizon terminated her on November 1, 2017. (Id. ¶ 8).

### B. Ms. Covert's EEOC Charge

The next day, Ms. Covert submitted an inquiry to the EEOC through its online public portal. (Doc. No. 17-1 ¶ 3). She provided the name of her employer, the date of her termination, and a description of the discrimination she allegedly suffered. (Id.). She received an EEOC confirmation email that evening. (Id.).

Ms. Covert heard nothing further from the EEOC for "several months." (Id. ¶ 4). She "telephoned numerous times" but "was unable to speak to anyone who could provide any information." (Id.). In early July 2018, she spoke to an EEOC representative who said that they could not locate her inquiry and that "it must have been an error in [the EEOC's] computer system." (Id.). The representative told Ms. Covert to "reinitiate the process." (Id.).

On July 8, 2018, Ms. Covert resubmitted her EEOC inquiry, including the same information from her initial submission. (Id. ¶ 5). She received an email confirming the inquiry and telling her to schedule an interview via an online portal. (Id. ¶ 6). She tried to do so, but the portal directed her to contact the EEOC's Nashville office or email the EEOC instead. (Id.). Ms. Covert immediately emailed the EEOC to schedule an interview. (Id.).

The EEOC did not respond to Ms. Covert's email during the following month. (Id. ¶ 7). So, on August 10, 2018, Ms. Covert called the EEOC to try to schedule an interview directly. (Id.). She was told the EEOC could not schedule the interview until September 10, 2018. (Id.). Although Ms. Covert was unaware of it at the time (id. ¶ 11), she was statutorily required to file her EEOC charge within 300 days of her termination, see 42 U.S.C. § 2000e-5, and her filing window expired on August 28, 2018.

On September 10, 2018, Ms. Covert met with an EEOC investigator who prepared a charge for her. (Doc. No. 17-1 ¶ 10). Ms. Covert signed and submitted the charge that day. (Id.). Later, in April 2019, the EEOC informed Ms. Covert that it was closing her case file and that she could sue on her claims in state or federal court. (Doc. No. 1-1 at 7).

C. Procedural History

Ms. Covert filed a Title VII lawsuit in state court, which was removed to this Court on March 11, 2021. (Id. at 3; Doc. No. 1). Verizon filed for summary judgment on July 13, 2021. (Doc. No. 13). On August 10, 2021, Ms. Covert submitted an opposition brief, along with an affidavit describing her efforts to promptly file her EEOC charge, and a series of exhibits which include Ms. Covert's email communications with the EEOC. (Doc. No. 17; Doc. No. 17-1, Exs. 1–5). Verizon replied on August 24, 2021. (Doc. No. 19).

**II.    LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where there is "evidence on which the jury could reasonably find for the plaintiff." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

3

At the summary judgment stage, the moving party "has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Id. If the moving party meets its burden, "the nonmoving party, must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." Laster v. City of Kalamazoo, 746 F.3d 714, 726 (6th Cir. 2014).

When evaluating a summary judgment motion, the Court must view the record "in the light most favorable to the nonmoving party." Id. It must also accept the nonmoving party's evidence "as true," and "draw all reasonable inferences in [that party's] favor." Id. The Court "may not make credibility determinations nor weigh the evidence" in its analysis. Id.

### III. ANALYSIS

To decide "whether equitable tolling of the EEOC filing period is appropriate," courts "consistently" use the factors set forth in Truitt v. County of Wayne, 148 F.3d 644 (6th Cir. 1998).[1] See Reed v. ADM/ARTCO, 57 F. App'x 682, 683 (6th Cir. 2003) (citing Truitt, 148 F.3d at 648). The Truitt factors demonstrate equitable tolling is proper in this case. Verizon's counterarguments are unavailing.

    A.    <u>Equitable Tolling Is Appropriate in this Case Based on the Truitt Factors.</u>

The Truitt factors include "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." Truitt, 148 F.3d at 648. Each factor weighs in favor of equitably tolling Ms. Covert's deadline.

---

[1] Although these factors preceded Truitt, courts refer to them as the "Truitt factors." E.g., Ingraham v. Geren, No. 3:07-0328, 2008 WL 11510397, at *9 (M.D. Tenn. Aug. 19, 2008).

*First*, Ms. Covert lacked notice of her filing deadline.  Plaintiffs have notice for equitable tolling purposes where they "actually learned of the 300-day statute of limitations."  Thompson v. Austin Peay State Univ., No. 3:11-CV-00177, 2012 WL 3682914, at *6 (M.D. Tenn. Aug. 24, 2012).  Ms. Covert avers she did not learn of her limitations period until after she filed her charge.  (Doc. No. 17-1 ¶ 12).  She also claims that at "no point did anyone at the EEOC, not even the investigator [she] interviewed with, suggest or mention there was any issue with timeliness."  (Id. ¶ 11).  The EEOC's communications with Ms. Covert support her claim; none of them contain her filing deadline.  (See id., Exs. 1–5).  Courts have held litigants lacked notice in equitable tolling analyses in similar circumstances.  E.g., Glarner v. U.S. Dep't of Veterans Admin., 30 F.3d 697, 702 (6th Cir. 1994) (plaintiff did not have notice of legal requirement where Veterans Administration "failed to inform him" of it); see also Thompson, 2012 WL 3682914, at *6 (plaintiff "aware that she needed to act deliberately in pursuing her rights," but unaware of specific filing deadline, lacked notice of limitations period).  The Court finds Ms. Covert did not have notice of the 300-day statute of limitations.

*Second*, Ms. Covert did not have constructive knowledge of her deadline.  Courts impute constructive knowledge of a time limit to a plaintiff "when the plaintiff retain[ed] an attorney within the limitations period."  Weigel v. Baptist Hosp., 302 F.3d 367, 376 (6th Cir. 2002); see also Glarner, 30 F.3d at 702 (pro se plaintiff lacked constructive knowledge of filing requirement); Thompson, 2012 WL 3682914, at *6 (plaintiff "did not have constructive notice of the 300-day statute before retaining an attorney").  Ms. Covert proceeded pro se during her limitations period.  (Doc. No. 17-1 ¶ 11).  Hence, the Court will not impute knowledge of the filing deadline to her.

*Third*, Ms. Covert diligently pursued her claims.  The "diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  Robinson v.

5

Easterling, 424 F. App'x 439, 443 (6th Cir. 2011) (quoting Holland v. Fla., 560 U.S. 631, 653 (2010)). Ms. Covert began pursuing her claims with the EEOC the day after she was terminated. (Doc. No. 17-1 ¶ 3). She repeatedly called and emailed the EEOC, within her filing period, to try to schedule her interview and complete her charge. (Id. ¶¶ 4–7). The EEOC lost her initial intake inquiry and later delayed her interview until after her deadline expired. (Id. ¶¶ 4, 7, 10). In similar cases, courts have held plaintiffs showed "diligence," and have tolled the plaintiffs' filing periods. E.g., Monnheimer v. Nielsen, No. 1:08CV356, 2008 WL 5333808, at *5 (S.D. Ohio Dec. 19, 2008) (equitable tolling was appropriate for plaintiff who completed an EEOC intake questionnaire "prior to the 300-day deadline" but did not sign a formal charge until "thirty-one days after the 300-day deadline" because the EEOC investigator did not meet with him until that time). The totality of the circumstances establish that Ms. Covert exercised reasonable diligence while pursuing her claims.

*Fourth*, equitably tolling Ms. Covert's deadline will not prejudice Verizon. Prejudice occurs where the "passage of time" leads to "missing or unavailable evidence" or the "possibility of [witnesses'] faded memories." Gordon v. England, No. 07-2223-STA-TMP, 2012 WL 2790375, at *11 (W.D. Tenn. July 9, 2012). A "short delay in filing the formal charge of discrimination" is less likely to create prejudice than a long delay. See Monnheimer, 2008 WL 5333808, at *5. Ms. Covert's thirteen-day delay is short enough to avoid prejudicing Verizon, especially absent any indication the delay caused lost evidence or faded memories. See id.

*Fifth*, Ms. Covert reasonably remained ignorant of her filing deadline. A plaintiff's pro se status is relevant to whether his or her ignorance was reasonable.[2] See Glarner, 30 F.3d at 702

---

[2] The Court notes, however, that a plaintiff's pro se status is by no means dispositive. "[E]ven a pro se litigant, whether a plaintiff or a defendant, is required to follow the law." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000).

6

(equitable tolling was appropriate where pro se plaintiff "reasonably believed that all the claims he could make were being processed" even though "a skilled lawyer" would have known better). Courts also examine plaintiffs' "personal experience" to determine whether they should have discovered their filing deadline. Beard v. Holland, No. 3:07-1253, 2008 WL 1777424, at *3 (M.D. Tenn. Apr. 16, 2008) (denying equitable tolling for experienced litigant). Ms. Covert proceeded pro se until after she filed her EEOC charge. (Doc. No. 17-1 ¶ 11). And there is no evidence that she has prior experience with the EEOC. The record, viewed in the light most favorable to Ms. Covert, indicates she reasonably remained ignorant of the 300-day statute of limitations.

Because each of the Truitt factors weigh in Ms. Covert's favor, the Court finds equitable tolling is appropriate in this case.

B. Verizon's Argument that Equitable Tolling Is Improper Fails.

In Verizon's reply contends the Court should not toll Ms. Covert's limitations period. (Doc. No. 19). Verizon's arguments misstate the case law governing equitable tolling.

Verizon argues tolling is inappropriate because this case is analogous to Jackson v. Richards Medical Company, 961 F.2d 575 (6th Cir. 1992). (Id. at 2). In that case, "the Court of Appeals held that the District Court had properly dismissed an age discrimination claim because the plaintiff had not filed her age discrimination claim with the EEOC within 300 days of her discharge." (Id.). The Jackson court affirmed dismissal despite the plaintiff's argument "that the limitations period should have been equitably tolled because the EEOC did not advise her of her ADEA rights in time." (Id.). Verizon contends this Court should similarly reject Ms. Covert's arguments and find equitable tolling is improper. (Id.).

Verizon's argument falls short because Jackson rejected the plaintiff's request for equitable tolling based on facts that bear no resemblance to those in this case. The Jackson plaintiff "worked

7

closely with the EEOC" and "effectively became aware of a possible age discrimination charge" in February 1984. Jackson, 961 F.2d at 579. Nevertheless, the plaintiff "did not discuss such a charge with the EEOC, seek legal counsel, or otherwise pursue this claim until one and one-half years later," long after her filing deadline expired. Id. The Sixth Circuit stated that "[w]hen an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the [limitation] period" because a "contrary result would permit an aggrieved employee aware of his general rights to sit on those rights until he leisurely decided to take action." Id. at 579–80 (quoting McClinton v. Alabama By-Prod. Corp., 743 F.2d 1483, 1486 (11th Cir. 1984)). Ms. Covert did not "sit on" her rights. She contacted the EEOC the day after Verizon terminated her, and pursued her claims diligently thereafter. (Doc. No. 17-1 ¶¶ 3–10). Ms. Covert's diligence distinguishes her from the Jackson plaintiff.

Verizon also contends Ms. Covert's statement that "she thought she had done everything she needed to do to timely file her charge" is "not a legitimate basis for tolling the limitations period" because "ignorance of the law" does not justify tolling. (Doc. No. 19 at 2). The Court agrees that ignorance of the law, by itself, would not warrant equitable tolling. However, ignorance is certainly *relevant* to the tolling analysis. That is why two of the five Truitt factors focus on plaintiffs' notice of, or constructive knowledge of, their filing deadlines. Truitt, 148 F.3d at 648. Verizon's argument that Ms. Covert's ignorance of the law is not an independent basis for equitable tolling is immaterial, because the Court only considers Ms. Covert's ignorance as one part of a multi-factor analysis. See Seay v. Tenn. Valley Auth., 339 F.3d 454, 469 (6th Cir. 2003) (no single factor governs equitable tolling analyses and "the decision to equitably toll the limitations period is made on a case-by-base basis").

8

Finally, Verizon argues equitable tolling is inappropriate because Ms. Covert has not shown Verizon engaged in "deceptive or misleading conduct" that caused her to miss her deadline. (Doc. No. 19 at 2). Verizon asserts that a plaintiff ignorant of the law cannot obtain equitable tolling under Jackson "unless the ignorance was due to the defendant's . . . misleading conduct." (Id.). That is not true. Jackson did not establish a bright-line rule prohibiting equitable tolling absent a defendant's misleading conduct. It merely noted that if an "employee has no knowledge of his rights and his ignorance is due to misleading conduct by the defendant . . . then an initial case for equitable tolling has been made." Jackson, 961 F.2d at 579 (citation and quotation omitted). Although deceptive conduct on Verizon's part would support Ms. Covert's request for equitable tolling, the Court is not required to find Verizon acted deceptively to toll Ms. Covert's filing deadline. E.g., Monnheimer, 2008 WL 5333808, at *5 (applying equitable tolling in the absence of deceptive conduct from the defendant). To the contrary, a "district court need not find that the employer willfully engaged in wrongful conduct to allow equitable tolling." Seay, 339 F.3d at 469.

Because Verizon's reply brief misstates the law governing this case, it does not undermine the Court's finding that equitable tolling is appropriate.

### IV. CONCLUSION

For the foregoing reasons, Verizon's Motion for Summary Judgment (Doc. No. 13) will be denied.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE